IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-33-04-JHP |
| ) | |
| GARY DEWAYNE McCOMB, JR., ) | |
| a/k/a "Buddy" ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes on for consideration of Defendant McComb's Motion for a Bill of Particulars with Respect to Counts One to Three, Six, and Eight to Eleven (Dkt. 160); Motion to Dismiss Count One (Dkt. 161); and Motion to Strike Language in Count One (Dkt. 162). The Government has filed a response in opposition to said motions (Dkt. 170).

Motion for Bill of Particulars

Defendant McComb alleges, after reviewing the sixty page indictment herein, he has no way of knowing: 1) what he is specifically being accused of, or 2) whether a double jeopardy issue may exist. Additionally, Defendant McComb says the allegations in the indictment are so general that he is "unable to prepare a defense, investigate the allegations, try to determine where he may have been at a certain time, and otherwise properly defend against such allegations in a meaningful way at trial."

As a general rule, an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c).

Additionally, for each count the indictment "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id*.

> In the absence of a statute to the contrary, where prosecutions may be barred by the lapse of time, the indictment . . . must allege that the offense was committed within such limit. . . . . . The omission of the day and month is not fatal where the year is sufficient to show that the prosecution is not barred."
> 42 C.J.S. *Indictments and Informations*, § 95.

*See also*, 42 C.J.S. *Indictments and Informations*, § 208. Further, as long as the indictment alleges some part of the crimes occurred in the Northern District of Oklahoma, this Court has jurisdiction to try the case. *See*, 18 U.S.C. §§ 3231 and 3237.

While the indictment meets the technical requirements of Fed.R.Crim.P. (7)(c), Defendant McCombs asserts the dates he is alleged to have violated the law are so broad that he can't ascertain "when" he committed any of the substantive crimes charged and the location alleged, *i.e.* in the Northern District of Oklahoma, covers such a large area that he can't ascertain "where" the crimes occurred. The essential facts constituting the offense charged includes allegations which establish that the offense is within any statute of limitations and within the jurisdiction of the court.

To the extent, however, that counts 2, 3, 6, 8, 9, 10, and 11, respectively, allege the crimes were committed "in or about Spring 2001," "in or about Summer 2001," "in or about early winter 2002," "in or about Spring 2002," "in or about Summer 2002," "in or about Fall 2002," and "in or about late Winter 2002," the court can understand the defendant's concern that a double jeopardy issue may exist if, for instance, only one distinct crime is proven to

2

have occurred in the first 6 months of the year 2001 or only one distinct crime is proven to have occurred in the year 2002.[1] If, on the other hand, the government's evidence establishes multiple offenses occurring sometime in the Spring of 2002, additional offenses occurring in the Summer of 2002, etc., then it would appear the defendant is actually in a better position to argue in a subsequent prosecution by the United States that he has already been prosecuted for all drug offenses involving the possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) committed in the Spring of 2001, the Summer of 2001, and/or all of 2002. Pursuant to Fed.R.Crim.P. 7(f), a court may order the government to file a bill of particulars.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Higgins*, 2 F.3d 1094 (10th Cir. 1993) (citations omitted). See also, *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) and *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). A bill of particulars is not, however, necessary if the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial. *Levine*, *supra* at 167, citing *United States v. Dunn*, 841 F.2d 1026, 1030 and *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). A bill

---

[1] In the event this were to occur during the trial herein, this Court would consider a motion by Defendant McCombs to dismiss one or more counts based upon double jeopardy violation(s).

of particulars is not designed to disclose in detail the evidence upon which the government expects to rely. *Enlow v. United States*, 239 F.2d 887, 889 n. 2 (10th Cir. 1957).

The parties have indicated, at different times to the Court, that the government has turned over in excess of 2,000 pages of discovery. While the defendant may have to read that material to ascertain exactly what the government's witnesses will say regarding his participation in the alleged criminal activity and, perhaps interview all of the individuals identified in said discovery, the government should not be required to pinpoint the information related to each defendant. The indictment in this case contains thirty-seven (37) counts, names seven (7) defendants, and is sixty (60) pages long. Count One of the indictment alleges the seven (7) defendants were involved in a conspiracy lasting approximately five (5) years. That count alone details 112 overt acts allegedly undertaken during the conspiracy. Additionally, the government has already filed its trial brief which contains their witness and exhibit list. Further, they have summarized their anticipated testimony subject to a change in the status of other defendants herein. Based upon the extensive amount of information provided to the defendant by the government, the defendant has failed to establish how he will be surprised at trial or unable to defend against these charges. Accordingly, this Court hereby denies Defendant McCombs' Motion for a Bill of Particulars.

## Motion to Dismiss Count One

Defendant McCombs alleges Count One of the Indictment should be dismissed because there is "a very real possibility that the evidence will prove a number of conspiracies

4

existed, all of which involved Gary Nolen and only one that involved Mr. McComb." Thus, Defendant McComb argues a prejudicial variance may occur if the indictment charges the existence of one conspiracy but the evidence supports and proves the existence of a number of conspiracies.

When several individuals conspire, their conduct invites a mass trial. Nonetheless, extraordinary precaution is required to "scrupulously safeguard each defendant individually"[2] in his relation to the mass. In order to prove a conspiracy, the government must establish "'(1) that two or more persons agreed to violate the law, (2) that the defendant knew at least the essential objectives of the conspiracy, . . . (3) that the defendant knowingly and voluntarily became a part of it,' and (4) that the alleged coconspirators were interdependent." *United States v. Evans*, 970 F.2d 663, 668 (10th Cir. 1992) (quoting *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990).

Although a single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement, the participants and their activities may change over time. *United States v. Smith*, — F.3d —, 2006 W.L 1736383, *4 (8th Cir. 2006). Additionally, a single conspiracy can exist even if many participants are unaware of, or uninvolved in, some of the transactions. *Id*. While the conduct of the alleged co-conspirators may be diverse, it has to, in some way, be interdependent. *Evans, supra* at 670. "Thus, a single conspiracy will not exist solely because many individuals deal with a common central player; they must be interconnected in some way." *Id.* Whether a single conspiracy exists

---

[2]*Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946).

will ultimately be a question of fact for the jury. *United States v. Powell*, 982 F.2d 1422, 1421 (10th Cir. 1992).

Based upon the anticipated testimony contained within the government's trial brief, it appears the government will present testimony that the defendants were involved in a scheme for distributing methamphetamine in the Northern District of Oklahoma, the success of which was dependent on the successful achievement of several integrated steps, including regular meetings between the defendants, the pooling of their resources to purchase precursor materials for the use in manufacturing methamphetamine, and the manufacture of methamphetamine. Further, the anticipated testimony appears to establish that although the individual co-conspirators may have, at times acted alone, all defendants were aware of each other's "unlawful methamphetamine base distribution activities and each co-conspirator, at some time during the course of the conspiracy, knowingly and intentionally agreed and acted together jointly and with other co-conspirators to advance the common overall goal of manufacturing"[3] and distributing methamphetamine in the Northern District of Oklahoma. Accordingly, Defendant McComb's Motion to Dismiss Count One (Dkt. 161) is denied.

<u>Motion to Strike Language in Count One</u>

Defendant McCombs argues because manufacturing methamphetamine was not alleged to be an object of the conspiracy, it must necessarily be deleted from the manner and means of the conspiracy. Defendant cites no authority for this argument.

---

[3] Indictment, p. 5 ¶ 11.

The Indictment alleges the objects of the conspiracy was to (1) possess with intent to distribute methamphetamine; (2) distribute methamphetamine; (3) possess with intent to distribute pseudoephedrine, a precursor chemical; and (4) distribute pseudoephedrine, a precursor chemical. To the extent the defendants could not have accomplished the object of distributing methamphetamine without taking sufficient overt acts to obtain methamphetamine,[4] does not mean that the manufacturing of methamphetamine was a separate and distinct object of the conspiracy. Accordingly, Defendant's Motion to Strike (Dkt. 162) is denied.

---

[4] Obviously, one way to obtain methamphetamine is to manufacture it.

For the reasons stated herein, Defendant McCombs Motion for a Bill of Particulars with Respect to Counts One to Three, Six, and Eight to Eleven (Dkt. 160) is denied; Motion to Dismiss Count One (Dkt. 161) is denied; and Motion to Strike Language in Count One (Dkt. 162) is denied.

It is so ordered on this 30th day of June, 2006.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma